Christopher H. Dieterich, Esq. (SBN 092592)
*e-mail: venturlaw@gmail.com*
Mahbod Mike Khalilpour, Esq. (SBN 266821)
*e-mail: mike.khalilpour@gmail.com*
**DIETERICH & ASSOCIATES**
11835 W. Olympic Blvd., Ste. 1235E
Los Angeles, California 90064
Telephone: (310) 312-6888
Facsimile: (310) 312-6680

Attorney(s) for Plaintiff(s)
        *GF OFFSHORE ENERGY AND RESOURCES LTD., a Nevada Corp.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GF OFFSHORE ENERGY AND RESOURCES LTD., a Nevada corporation,<br><br>        Plaintiff(s),<br><br>    vs.<br><br>ADAMS S. TRACY, an individual; SECURITIES COMPLIANCE GROUP, LTD., an Illinois corporation; DOES 1 through 10, Inclusive,<br><br>        Defendant(s). | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF AGREEMENT**<br><br>**(2) SPECIFIC PERFORMANCE**<br><br>**(3) FRAUD**<br><br>**(4) VIOLATION OF SECTION 10(b)-5 OF THE SECURITIES AND EXCHANGE ACT AND RULE 10(b)(5)**<br><br>**(5) BREACH OF FIDUCIARY DUTY**<br><br>**(6) CONVERSION**<br><br>**(7) LEGAL MALPRACTICE**<br><br>**(8) MISREPRESENTATION**<br><br>**(9) CONVERSION**<br><br>**(10)    CONFLICT OF INTEREST**<br><br>**DEMAND FOR JURY TRIAL** |

DIETERICH & ASSOCIATES
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

1  Plaintiff GF OFFSHORE ENERGY AND RESOURCES, LTD., a Nevada

2  Limited Liability Company, hereby alleges in its Complaint for damages, as more

3  fully set forth below. The factual allegations set forth herein, have evidentiary

4  support or, to the extent they are contained in a paragraph made upon information

5  and belief, likely will have evidentiary support after a reasonable opportunity for

6  further investigation or discovery.

7  **PARTIES**

8  1.  Plaintiff GF OFFSHORE ENERGY AND RESOURCES, LTD.

9  (hereinafter referred to as "GF OFFSHORE") is, and was at all times mentioned

10 herein, a corporation duly organized under the laws of the State of Nevada, having

11 its principal place of business in Malaysia, with offices in Nevada.

12 2.  Defendant Adam S. Tracy ("Tracy") is, and was at all times mentioned,

13 an individual operating in Chicago, Illinois and in Beverly Hills, California. Tracy

14 is a licensed lawyer, approved for practice in Illinois, Michigan and certain Federal

15 Courts.

16 3.  GF OFFSHORE is informed and believes, and based thereon alleges,

17 that Securities Compliance Group ("SCG"), is an Illinois corporation, was and is

18 the alter-ego of Tracy and that Tracy, at all relevant times, dominated, influenced

19 and controlled Securities Compliance Group; that at all times herein mentioned,

20 there existed and exists, a unity of ownership and management between them; that

21 the individuality and separateness of SCG and Tracy is non-existent; that SCG was,

22 and is, a mere shell and naked framework which Tracy, through Securities

23 Compliance Group used to conduct his affairs; that the assets of Tracy and

24 Securities Compliance Group were and are intermingled with the other to suit each

25 other's convenience; that SCG has failed to observe corporate formalities in the

26 conduct of its business, and that SCG was, and remains, inadequately capitalized;

27 and that an injustice and fraud upon GF OFFSHORE will result if the theoretical

28

**COMPLAINT FOR DAMAGES**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

1  separateness of SCG is not disregarded and Tracy and SCG held responsible for the

2  sums and relief herein sought.

3      4.    GF OFFSHORE is informed and believes, and based thereon alleges,

4  that the Individual Defendant and his associates, by reason of their direct and

5  substantial management positions and responsibilities during the time relevant to

6  this Complaint were "controlling persons" of SCG within the meaning of Section

7  20 of the Exchange Act, had the power and influence to control SCG, and exercised

8  such control to cause SCG to engage in the violations and improper practices

9  complained of herein.

10     5.    GF OFFSHORE is informed and believes, and based thereon alleges,

11  that at all times herein mentioned the Individual Defendants were the agents and/or

12  employees of SCG, and in doing the things hereinafter alleged, were acting within

13  the course and scope of such agency and/or employment; that in doing the acts and

14  omissions herein alleged, each defendant acted with the knowledge, permission, and

15  consent of every other defendant; and that each defendant aided and/or abetted the

16  other defendants in the acts and omissions alleged herein.

17     6.    Plaintiff is ignorant of the true names and capacities of defendants sued

18  herein as Does 1 through 10, inclusive, and therefore sues said defendants by such

19  fictitious names.  Plaintiff GF OFFSHORE will amend this complaint to allege the

20  true names and capacities of said defendants when they are ascertained.  Plaintiff

21  GF OFFSHORE is informed and believes and, on that basis, alleges that each of the

22  fictitiously named defendants is responsible in some manner to pay the obligations

23  described herein, and that Plaintiffs' losses as alleged herein were proximately

24  caused by said defendants' conduct.

25     7.    Unless otherwise specified, Defendant TRACY, SCG, and DOES 1-10

26  will be referred collectively herein simply as "Defendants."

27  ///

28  ///

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

**COMPLAINT FOR DAMAGES**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Further, this Court has subject matter jurisdiction over the action pursuant to § 27 of the Securities Exchange Act of 1934 (hereinafter referred to as the "Exchange Act"), 15 U.S.C. section 78aa and 28 U.S.C. section 1331 (federal question).

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act (15 U.S.C. §78aa).

10.     This Court has Supplemental Jurisdiction over the California State law violations pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and §27 of the Exchange Act (15 U.S.C. §78aa) because many of the acts, omissions, and practices complained of herein occurred in substantial part in this District. Defendants' firm is located in this District, and Defendants Adam S. Tracy and Securities Compliance Group Ltd. have a principal place of business in this District, transact substantial business here, and many of the acts, transactions, and occurrences alleged below, occurred in this district.

## FIRST CLAIM FOR RELIEF

### *(Breach of Agreement to Deliver the Control of China Ivy*
### *Against All Defendants)*

12.     GF OFFSHORE refers to the allegations contained in Paragraphs 1 through 11 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

13.     Tracy is a lawyer, licensed in Illinois and Michigan, operating a business and/or law firm (Securities Compliance Group, Ltd.), with offices in Wheaton, Illinois and Beverly Hills, California, dealing, at times, in the securities of small or micro-cap trading public companies, sometimes as a lawyer and

COMPLAINT FOR DAMAGES

sometimes as a shareholder, or an alleged shareholder of those companies.  Tracy advertises that the SCG firm is "*The Entrepreneur's Accelerator*" and that it assists fledgling companies in listing their securities in the over-the-counter market, or aids them in their compliance with various regulatory issues that arise for public companies, to include liaison with the Securities and Exchange Commission ("SEC") and can assist them in becoming publicly traded if they are private.  Their web site proclaims:

> *Our business attorneys are dedicated to finding exclusive, efficient, and highly effective solutions for our clients. As experienced securities attorneys in Illinois, California and surrounding areas, we have the privilege of serving the legal needs of businesses in Wheaton and Beverly Hills, Chicago and Los Angeles.*

> *From our offices in Wheaton and Beverly Hills, we assist clients nationwide with matters involving business law, corporate law, and securities law. The decision to become a publicly traded company or entity requires significant planning and coordination, and our firm is particularly adept at taking preventive measures to protect your rights, assets, and interests during every stage of business development.*

In consideration for SCG's or Tracy's services, these incipient companies typically compensate Tracy for his services in cash and sometimes in capital stock of the companies themselves.

14.    China Ivy School, Inc. ("China Ivy") is a corporation, chartered under the laws of Nevada, which Tracy gained control of through proceedings in Nevada, such that Tracy is the alleged representative or trustee for the entity, and functions as its controlling shareholder.  Tracy also acts as its president and Chief Executive Officer, either through a corporate entity identified in SEC filings as Sunset Suits

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

**COMPLAINT FOR DAMAGES**

DIETRICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

Holdings, Inc., of which he is the actual president, or individually, depending upon the filings being made or contracts being executed. China Ivy was a fully-reporting company, filing quarterly and annual reports with the SEC until it fell behind in these obligations over five years ago. It has filed a de-registration statement, signed by Tracy in his guise as the acting president of the corporation, on February 11, 2016. This filing sought to release China Ivy from its obligations to file the necessary reports with the SEC, and de-registrations are generally effective 90 days after their submission date. At the time of the February, 2016 filing, the corporation was stated to have approximately 27 shareholders. From all records available, the corporation was bereft of funds and was not engaged in an active business during 2015.

15. During 2015, the predecessors-in-interest of GF OFFSHORE entered into a written series of emails with Tracy pursuant to which Tracy and/or SCG would cause control of China Ivy to be transferred to GF OFFSHORE in exchange for payment of approximately $100,000 to SCG for Tracy's services in conducting this transaction and delivering the controlling interest in China Ivy to GF OFFSHORE, among other promises

16. On October 6, 2015, Tracy advised authorized agents of GF OFFSHORE that, *"Upon my receipt of the remaining contractual balance due of $29,809, I will proceed with finishing my end of the arrangement. This includes, changing the name of the company ....., restructuring the company to include new investors, inserting operating assets into the company, and turning control of the company over to the proper parties, among other matters."* This payment was made on October 7 and confirmed by Tracy on October 13, 2015. Since that date, no further progress has been made and not one of the promises contained within the emphasized statement has been completed. More promises of performance have been made but only further delay has been the result.

**COMPLAINT FOR DAMAGES**

17.     In December of 2015, agents of GF OFFSHORE were advised that they would have to pay the transfer agent's fees for the public company, in that all public companies are required to engage and pay for a third-party company to handle their share issuances and transfers.   An agreement was delivered to Plaintiff's agents, dated December 1, 2015, between GF OFFSHORE and Cathedral Stock Transfer, LLC, and designated as the Transfer Agent and Registrar Agreement between the company and the transfer agent.   At that point in time GF OFFSHORE was a private company, not public, was not trading and had no need for a transfer agent.   This agreement was for the benefit of China Ivy, the corporation dominated and controlled by Tracy, and which did need a transfer agent, although it already had one: Cathedral Stock Transfer.   The one-time payment, represented by agents of SCG to be a very good deal, was $30,000; allegedly a steep discount from the $37,200 that would be paid if the payments were made on a monthly basis. *Transfer Online*, a well-regarded and widely used transfer agency, quotes $550 per month for 3,000 shareholders.   GF OFFSHORE actually paid the $30,000, in December of 2015, to Tracy.   Tracy owns the transfer agency.

18.     In February of 2016, Tracy advised the Plaintiff that he needed a further $8,000 for listings with OTC Markets, a company that effectively operates the Over-The-Counter marketplace in the United States, and an additional $675 for fees due to the State of Nevada for GF OFFSHORE.   This money was immediately wired to his trust account on February 25, 2016.   Those funds were transferred to him in trust, for onward disbursement to the State of Nevada and to OTC Markets, not as additional fees due Tracy or SCG.   Neither the State of Nevada, nor OTC Markets has been paid by Tracy as of the filing of this litigation, some six months later.

19.     During negotiations attempting to resolve the problems described above, GF OFFSHORE learned that other persons and entities were being offered control of China Ivy, on a program or package similar to the proposal given to GF

COMPLAINT FOR DAMAGES

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

OFFSHORE by Tracy and that Tracy was treating China Ivy as an asset over which he exercised dominion and control, counter to the commitments made to GF OFFSHORE.

20. After a multiplicity of attempts to resolve these issues and failures, GF OFFSHORE determined that the court system would provide its only recourse and instituted the current law suit to recover its advances and all other losses incident to and resulting from the misdirections, deceit and fraud perpetrated by the defendants.

21. Despite demand therefor, Tracy has refused to transfer control of China Ivy via share certificate, new share issuance or otherwise to GF OFFSHORE, thus preventing GF OFFSHORE from owning its controlling interest in shares of China Ivy stock and operating as a trading public company. Further, Defendants have been denying GF OFFSHORE its rights as the presumptive controlling shareholder in China Ivy by refusing to provide it with notices of shareholder meetings and refusing thereby to ensure its participation and consent in matters and decisions which require shareholder involvement and/or consent.

22. GF OFFSHORE has performed all conditions and obligations required to be performed by it under the Agreement, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented GF OFFSHORE from performing.

23. Because of the Defendants' failure to perform, GF OFFSHORE has lost all of the funds paid to Tracy and has received nothing in exchange for those payments, an amount in excess of $101,310 when interest is added.

## SECOND CLAIM FOR RELIEF

### (*Specific Performance of Agreement to Deliver Control of China Ivy Against All Defendants*)

24. GF OFFSHORE refers to the allegations contained in paragraphs 1 through 24 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

25.     Defendants repudiated their obligations under the Agreement by deliberately diverting the delivery of the controlling share certificates or issuing new certificates to themselves, by thereafter withholding the China Ivy equity interests (certificates) from GF OFFSHORE, by failing to advise GF OFFSHORE that they had were holding on to the China Ivy certificates and by refusing and continuing to refuse to deliver the China Ivy certificates to GF OFFSHORE.GF OFFSHORE has performed all conditions and obligations required to be performed by it under the Agreement, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented GF OFFSHORE from performing.

26.     The consideration in the Agreement is adequate and the terms of the Agreement are just and reasonable.

27.     GF OFFSHORE has no adequate remedy at law in that the shares of China Ivy to be transferred to GF OFFSHORE are unique and thus, damages would be difficult to ascertain and would not afford adequate relief. GF OFFSHORE is entitled to an order requiring Defendants to convey to GF OFFSHORE certificates constituting the controlling interest in China Ivy.

## THIRD CLAIM FOR RELIEF

### *(Fraud and Deceit Regarding Delivery of the China Ivy Certificates Against All Defendants)*

28.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 27 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

29.     GF OFFSHORE alleges that during 2015, and as recently as October 6, 2015, Tracy, individually and through Securities Compliance Group, represented to GF OFFSHORE that as a controlling shareholder of record as of that date, the Defendants would deliver to GF OFFSHORE their controlling position in China Ivy.

**COMPLAINT FOR DAMAGES**

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

30.     GF OFFSHORE alleges that receipt of controlling position in China Ivy was a material inducement to GF OFFSHORE in agreeing to engage, participate and invest in and with Tracy, and in choosing to purchase its position as a China Ivy shareholder.  GF OFFSHORE further reasonably and justifiably relied on Defendants' omissions as to the actual dates of transfer or share issuance. Defendants' omissions prevented GF OFFSHORE from conducting any of its business in and with China Ivy. At the times the representations were made by Tracy or the Securities Compliance Group on Tracy's behalf, GF OFFSHORE was ignorant of their falsity and believed them to be true.

31.     GF OFFSHORE is further informed and believes, and based thereon alleges, that the true facts are that Defendants had no honest and good faith intention to honor the terms of the Agreement in that, among other things, Defendants thereafter failed to disclose to GF OFFSHORE that the controlling interests in China Ivy were being withheld, to be sold to others, and Defendants withheld and continue to withhold the controlling interest in China Ivy from GF OFFSHORE.  GF OFFSHORE is further informed and believes, and based thereon alleges, that Defendants never intended to perform these promises when they were made but made the promises intending that GF OFFSHORE would rely on these promises. Rather, Defendants had always intended to wrongfully delay the delivery of the China Ivy certificates to GF OFFSHORE to prevent GF OFFSHORE from trying to sell additional shares in China Ivy to enhance its capitalization, and in truth intended to sell the controlling position to others.

32.     As a direct and proximate result of Defendants' fraud, GF OFFSHORE has been damaged in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.  GF OFFSHORE is informed and believes, and based thereon alleges, that Defendants, in doing the acts and making the misrepresentations and fraudulent concealments as set forth above, acted purposefully to induce GF OFFSHORE to invest in and with Tracy, who, as a

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

COMPLAINT FOR DAMAGES

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

controlling shareholder has continued to maintain the Defendants' interest in the company, and to delay GF OFFSHORE's demand for and receipt of the China Ivy certificates necessary to obtain the controlling interest in China Ivy.

33.    GF OFFSHORE is informed and believes, and based thereon alleges, that Defendants, in doing the acts and making the misrepresentations and fraudulent concealments as set forth above, acted purposefully to induce GF OFFSHORE to deliver funds to Tracy as the controlling shareholder, even though he was continuing to maintain his interest in the company, delaying GF OFFSHORE's demand for the China Ivy certificates and thereby to keep GF OFFSHORE in the dark concerning Defendants' true intentions, all to the detriment of GF OFFSHORE and in conscious disregard of GF OFFSHORE's rights. In so doing, Defendants acted maliciously and fraudulently with the direct purpose and plan to oppress GF OFFSHORE, to injure and financially damage GF OFFSHORE for Defendants' financial gain and advantage, and by reason thereof, GF OFFSHORE prays herein for and alleges that GF OFFSHORE is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendants.

## FOURTH CLAIM FOR RELIEF

### *(Violation of Section 10(b) of the Exchange Act and Rule 10(b)(5)*
### *Against All Defendants)*

34.    GF OFFSHORE refers to the allegations contained in paragraphs I through 33 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

35.    This claim arises under Section 10(b) of the Exchange Act, 15 U.S.C. § 78 j(b) and Rule 10b-5 promulgated thereunder.  In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails, telephone communications, and the facilities of the national securities exchanges.

///

**COMPLAINT FOR DAMAGES**

36.     At all relevant times Defendants, individually and in concert, directly and indirectly, engaged and participated in a continuous course of conduct and conspiracy to conceal and frustrate the issuance of the China Ivy certificates to GF OFFSHORE and to withhold the same from GF OFFSHORE to prevent GF OFFSHORE from operating China Ivy. Defendants employed devices, schemes, and artifices to defraud and recklessly engaged in acts, practices, and a course of conduct as herein alleged in an effort to manipulate the market prices for the common stock of China Ivy by limiting controlling the available supply thereof.

37.     The Individual Defendants acted as controlling persons of China Ivy within the meaning of Section 20(a) of the Exchange Act. By reason of their positions as senior officers and directors of China Ivy, the Individual Defendants had the power and authority to cause or to prevent the wrongful conduct complained of herein.

38.     Defendants' acts and practices operated as a fraud and deceit upon GF OFFSHORE in connection with the issuance of China Ivy's securities.

39.     Defendants' conduct identified above contravenes Section 10(b) of the Exchange Act and Rule l0b-5 thereunder.

40.     GF OFFSHORE justifiably relied upon Defendants as heretofore alleged and were damaged thereby.  As a result of the deceptive and manipulative scheme by the Defendants, GF OFFSHORE has been damaged in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

## FIFTH CLAIM FOR RELIEF

### *(Breach of Fiduciary Duty*

### *Against Individual Defendant)*

41.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 40, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

42.     By reason of GF OFFSHORE's status as a corporation, of which Tracy was at times the Chief Executive Officer, and the trust and confidence reposed by GF

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

OFFSHORE upon the Individual Defendant (Tracy), the Individual Defendant stood as a fiduciary to GF OFFSHORE and, consequently, owed the highest fiduciary duties of loyalty, fidelity and care to GF OFFSHORE. Defendant's fiduciary duties included, but are not limited to, the duty to disclose all material facts and developments relating to GF OFFSHORE's interests in its own operations and in those of China Ivy, the duty not to favor his own personal interests to the detriment of GF OFFSHORE, and the duty not to compromise the interests of GF OFFSHORE as a an officer of GF OFFSHORE.

43.     Defendant breached his fiduciary duties to GF OFFSHORE, as described at length above by, *inter alia,* falsely promising GF OFFSHORE that it would receive its controlling interest in China Ivy, even though he was at the time also on officer and/or director of China Ivy, and caused unreasonable delays in the entire process, all to the detriment of GF OFFSHORE and its shareholders.

44.     GF OFFSHORE is informed and believes, and based thereon alleges, that instead of complying with his promises and fiduciary obligations, he instead concealed from GF OFFSHORE that the China Ivy certificates were not being issued, advised China Ivy's transfer agent not to deliver the China Ivy certificates to GF OFFSHORE, and withheld and continues to withhold the China Ivy certificates from GF OFFSHORE.

45.     As a direct and proximate result of Tracy's intentional breaches of fiduciary duties as described herein, GF OFFSHORE has been damaged in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

46.     GF OFFSHORE is informed and believes, and based thereon alleges, that Tracy, in doing the acts alleged, and in making the misrepresentations and fraudulent concealments as set forth above, acted purposefully to induce GF OFFSHORE to rely upon and repose faith in Tracy as an officer, while continuing to maintain his interest in the company, to delay GF OFFSHORE's demand for control of China Ivy and thereby curtail GF OFFSHORE's ability to conduct business through China Ivy, sell shares of China Ivy stock to raise money and to keep GF OFFSHORE in the dark concerning

Tracy' true intentions, all to the detriment of GF OFFSHORE, and in conscious disregard of GF OFFSHORE's rights. In so doing, Defendant Tracy acted maliciously and fraudulently with the direct purpose and plan to oppress GF OFFSHORE, to injure and financially damage GF OFFSHORE for Defendant's financial gain and advantage, and by reason thereof, GF OFFSHORE prays for and alleges that GF OFFSHORE is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendant.

### SIXTH CLAIM FOR RELIEF

*(Conversion of the China Ivy Control Certificates*

*Against All Defendants)*

47.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 18, and paragraphs 38 through 40 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

48.     GF OFFSHORE is the rightful owner of the controlling position in China Ivy to be represented by share certificates and was entitled to immediate and exclusive possession of their issuance.

49.     GF OFFSHORE is informed and believes and based thereon alleges, that Defendants have taken possession of the China Ivy certificates and continue to wrongfully exercise dominion and control over the same for their own benefit and to GF OFFSHORE's detriment.

50.     GF OFFSHORE has demanded the delivery of the controlling certificates of China Ivy but the Defendants have failed and refused and continue to fail and refuse to deliver the same.

51.     As a direct and proximate result of the Defendants' acts, GF OFFSHORE has suffered damages in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

52.     GF OFFSHORE is informed and believes, and based thereon alleges, that the Defendants, in doing the acts alleged, in making the misrepresentations and

**COMPLAINT FOR DAMAGES**

1   fraudulent concealments as set forth above, did so with the knowledge that they were
2   false and inaccurate, all to the detriment of GF OFFSHORE and in conscious disregard
3   of GF OFFSHORE's rights. In so doing, Defendants acted maliciously and fraudulently
4   with the direct purpose and plan to oppress GF OFFSHORE, to injure and financially
5   damage GF OFFSHORE for Defendants' financial gain and advantage, and by reason
6   thereof, GF OFFSHORE prays for and alleges that GF OFFSHORE is entitled to
7   recover exemplary and punitive damages by way of making an example of and
8   punishing Defendants.

**SEVENTH CLAIM FOR RELIEF**

***(Professional Negligence***

***Against All Defendants)***

12   53.     GF OFFSHORE refers to the allegations contained in paragraphs 1
13   through 52 of this Complaint, inclusive, and by reference thereto, incorporates the same
14   herein as though fully set forth.

15   54.     GF OFFSHORE engaged the Defendants to be its legal representatives in
16   the transactions described above, and relied upon them to effect share transfers,
17   registrations with the State and Federal governments, liaise with transfer agents and
18   market makers, and generally to provide ethical legal service to the Plaintiff corporation
19   and in turn to its shareholders.

20   55.     Under the terms of the Defendants' Agreement with GF OFFSHORE,
21   they have obligated themselves to deliver the controlling certificates of China Ivy to GF
22   OFFSHORE, to represent GF OFFSHORE with the various agencies and regulators
23   described in paragraph 50 and to conduct these representations in the best interest of
24   their client, GF OFFSHORE.

25   56.     Defendants breached their agreement by failing and refusing to perform
26   adequate legal services, by failing to deliver the control certificates to GF OFFSHORE,
27   by allegedly engaging a transfer agency, owned by these same Defendants, at rates well
28   in excess of prevailing fair market rates, by obtaining funds advanced to them (namely

DIETERICH & ASSOCIATES
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

**COMPLAINT FOR DAMAGES**

DIETERICH & ASSOCIATES
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

$8675.00 specifically delivered for the purposes of paying filing and/or registration fees due the marketing and listing agents and the State corporate agents), and generally distributing these funds in a manner inimical to the best interests of their client, GF OFFSHORE.  These activities are well below the standards and customs of practice in the profession.

57.     GF OFFSHORE has performed all conditions and obligations required to be performed by it under their engagement Agreement with Defendants except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented GF OFFSHORE from performing.

58.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

## EIGHTH CLAIM FOR RELIEF

### *(Misrepresentation*

### *Against All Defendants)*

59.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 18, 38 through 40, and 50 through 52 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

60.     Defendants repudiated their obligations under the controlling interest transfer Agreement with GF OFFSHORE by failing and refusing to deliver the requisite certificates and by persisting in such refusal.  These acts constitute a misrepresentation to GF OFFSHORE of the terms of the Agreement.

61.     GF OFFSHORE has performed all conditions and obligations required to be performed by it under its Agreement with the Defendants, except for those conditions that were excused by the acts or conduct of the Defendants or which the Defendants prevented GF OFFSHORE from performing.

62.     The consideration in the Shareholder Agreement is adequate and the terms of the Agreement are just and reasonable as was indicated by the October 7, 2015

statements of Tracy in his email of that date.  GF OFFSHORE has no adequate remedy at law in that the certificates are unique and thus damages would be difficult to ascertain and would not afford adequate relief.  GF OFFSHORE is entitled to an order requiring Defendants to either convey the certificates to GF OFFSHORE or repay them for all funds delivered to Defendants, in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

## NINTH CLAIM FOR RELIEF

### *(Conversion of the Trust Account Funds*
### *Against All Defendants)*

63.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 62 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

64.     GF OFFSHORE is entitled to have the funds advanced to the Defendants, via the attorney-client trust account provided, paid or delivered to the proper parties, and not retained by the Defendants for other purposes.

65.     GF OFFSHORE is informed and believes and based thereon alleges, that Defendants have taken possession of these funds ($8675) and continue to wrongfully exercise dominion and control over the same for their own benefit and to GF OFFSHORE's detriment.  Neither the State of Nevada nor OTC Markets has received any money from Defendants on behalf of GF OFFSHORE or even China Ivy, as represented by the Defendants.

66.     GF OFFSHORE has demanded the delivery of the money to the proper parties but Defendants have failed and refused and continue to fail and refuse to deliver the same.

67.     As a direct and proximate result of the Defendants' acts, GF OFFSHORE has suffered damages in an amount to be proven at trial but, in no event less than the $8,675 previously tendered, along with sums delivered in anticipation of completing the terms of the Agreement between the parties.

DIETERICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

COMPLAINT FOR DAMAGES

68.     GF OFFSHORE is informed and believes, and based thereon alleges, that the Defendants, in doing the acts alleged, acted purposefully to induce GF OFFSHORE to deliver these sums to their trust account so as to provide more money to Defendants, all to the detriment of GF OFFSHORE and in conscious disregard of GF OFFSHORE's rights. In so doing, Defendants acted maliciously and fraudulently with the direct purpose and plan to oppress GF OFFSHORE, to injure and financially damage GF OFFSHORE for Defendants' financial gain and advantage, and by reason thereof, GF OFFSHORE prays herein for and alleges that GF OFFSHORE is entitled to recover exemplary and punitive damages by way of making an example of and punishing Defendants.

## TENTH CLAIM FOR RELIEF

### *(Conflict of Interest*

### *Against Tracy)*

69.     GF OFFSHORE refers to the allegations contained in paragraphs 1 through 68 of this Complaint, inclusive, and by reference thereto, incorporates the same herein as though fully set forth.

70.     Defendant Tracy placed himself in the positions of officer of GF OFFSHORE at times relevant to the actions taking place during the terms of the Agreement, only removing himself from these positions, and from the position as legal representative, on April 7, 2016.  Prior to that resignation, Defendant Tracy was in an irreconcilable conflict of interest with the rights and demands of GF OFFSHORE versus those of China Ivy, a company which he controlled, and with both Defendant lawyer entities, seeking the highest profits and returns from these positions, but only for Defendants Tracy and SCG.  At no time were the interests of GF OFFSHORE placed ahead of those of the Defendants, all to the detriment of GF OFFSHORE.

71.     GF OFFSHORE is therefore entitled to an order requiring Defendants to either convey the certificates for control of China Ivy to GF OFFSHORE or repay GF

DIETERICH & ASSOCIATES
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

OFFSHORE for all funds delivered to Defendants, in an amount to be proven at trial but, in no event less than the jurisdictional minimum of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** GF OFFSHORE prays judgment against Defendants, and each of them, as follows:

As to the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action:

     i.     For general damages;

     ii.    For special damages for pecuniary loss.

As to the Third, Fourth, Fifth, Sixth and Ninth Causes of Action:

     iii.   For punitive damages according to proof.

As to the Second, Sixth, Eighth and Tenth Causes of Action:

     iv.   For an order requiring Defendants to convey to GF OFFSHORE the China Ivy certificates necessary to transfer control of the corporation to GF OFFSHORE.

As to all Causes of Action:

     v.    For an award of prejudgment interest at the maximum rate allowed by law.

     vi.   For an award of costs of suit, including reasonable attorneys' fees, as allowed by law.

     vii.  For such other relief as this Court may deem just and appropriate.

///

///

///

**COMPLAINT FOR DAMAGES**

DIETRICH & ASSOCIATS
11835 W. OLYMPIC BLVD., STE. 1235E
LOS ANGELES, CALIFORNIA 90064

Dated: September 16, 2016        **DIETERICH & ASSOCIATES**

By:_____/S/ Christopher H. Dieterich___

Christopher H. Dieterich, Esq.
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims in this action.

Dated: September 16, 2016        **DIETERICH & ASSOCIATES**

By:_____/S/ Christopher H. Dieterich___

Christopher H. Dieterich, Esq.
*Attorney for Plaintiffs*

**COMPLAINT FOR DAMAGES**